MONROE, Judge.
On February 9,1996, the District Attorney of Dale County sued Leotis Reese pursuant to § 20-2-93(a), Ala.Code 1975. The State alleged that the Ozark Police Department had seized $316 from Reese incident to his arrest for possession of a controlled substance, and that the $316 should be condemned and forfeited to the State of Alabama. On May 22, 1997, the trial court conducted a hearing, at which Reese was not present, and entered an order the same day condemning and forfeiting the $316. Reese filed a motion for a new trial. The trial court held a hearing on that motion, after which it entered an order setting aside its order of May 22. On September 11, 1997, the trial court held another hearing on the underlying forfeiture action. On November 10,1997, the trial court entered an order stating, in pertinent part:
“The Court is not reasonably satisfied that the money seized was furnished or intended to be furnished in exchange for a controlled substance or traceable to such exchange.
“THEREFORE, IT IS ORDERED AND ADJUDGED as follows:
“1. That the $316.00 seized by the City of Ozark should not be condemned.
“2. That the City of Ozark is to pay the $316.00 to the Clerk of Circuit Court to be applied to payment of court costs and indigent attorney fees due and owing in pending and disposed of criminal cases.”
Reese argues that the trial court erred in ordering the City of Ozark to pay the $316 to the circuit clerk’s office. Alabama’s Attorney General, representing the State of Alabama, agrees with Reese.
In criminal cases in which the court has appointed counsel for a defendant, the court can order the defendant to pay all or part of the costs of legal services provided, if the court finds that the defendant can pay without incurring substantial hardship. Rule 6.4(f), Ala. R.Crim. P. However, this is a forfeiture case; forfeiture proceedings are civil, not criminal. We are not aware of a law or rule of civil procedure that permits a court to take the action the trial court took in this case.
Therefore, we reverse that portion of the November 10,1997, judgment that orders the City of Ozark to pay the $316 to the circuit clerk’s office, and we remand this case for further proceedings consistent with this opinion.
*413 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur specially.